UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE ANTONIO ASCENCIO, | ) | Case No. CV 14-00971-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On February 7, 2014, Jose Antonio Ascencio ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on May 27, 2014. On September 8, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Jose Antonio Ascencio is a 56-year-old male who applied for Social Security Disability Insurance benefits on September 28, 2010, initially alleging disability beginning February 14, 2009.  (AR 49.)  Plaintiff's claim was denied initially on January 13, 2011.  (AR 49.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") William Ordas on July 20, 2011 in Los Angeles, California.  (AR 49.)  Plaintiff testified with the assistance of Spanish interpreter Amanda Willis and was represented by counsel.  (AR 49.)  Vocational expert ("VE") Sandra Trost, M.A. also appeared and testified at the hearing.  (AR 49.)

At the hearing and through his representative, Claimant made a motion to amend his alleged onset date to September 5, 2009.  (AR 85.)  The ALJ granted this motion. (AR 85.)

The ALJ issued an unfavorable decision on August 3, 2011.  (AR 49-56.)  The Appeals Council denied review on July 19, 2013.  (AR 6-8.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.    Whether the ALJ provided clear and convincing reasons for rejecting Jose Ascencio's testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such

1  relevant evidence as a reasonable mind might accept as adequate to support a

2  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation

3  omitted).

4       This Court must review the record as a whole and consider adverse as well as

5  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

6  Where evidence is susceptible to more than one rational interpretation, the ALJ's

7  decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

8  (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole

9  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

10  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

11  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

12                          **THE SEQUENTIAL EVALUATION**

13       The Social Security Act defines disability as the "inability to engage in any

14  substantial gainful activity by reason of any medically determinable physical or mental

15  impairment which can be expected to result in death or . . . can be expected to last for a

16  continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

17  1382c(a)(3)(A). The Commissioner has established a five-step sequential process to

18  determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

19       The first step is to determine whether the claimant is presently engaging in

20  substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

21  claimant is engaging in substantial gainful activity, disability benefits will be denied.

22  Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

23  the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

24  746. An impairment is not severe if it does not significantly limit the claimant's ability to

25  work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

26  is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

27  of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

28  listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 5, 2009, the amended alleged onset date. (AR 51.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: coronary artery disease (CAD), hypertension,

4

1  hyperlipidemia, osteoarthritis of the shoulders and back, diabetes mellitus, and obesity.

2  (AR 51-53.)

3         At step three, the ALJ determined that Plaintiff does not have an impairment or

4  combination of impairments that meets or medically equals the severity of one of the

5  listed impairments.  (AR 53.)

6         The ALJ then found that Plaintiff has the RFC to perform less than the full range of

7  medium work with the following limitations:

8              Claimant can lift and carry up to 50 pounds occasionally and 25

9              pounds frequently; stand and walk up to 6 hours in an 8-hour day; and

10             sit up to 6 hours in an 8-hour day.  He can occasionally bend, kneel,

11             push, and pull.  He can tolerate the normal stress of an ordinary work

12             environment.  Thus, he is capable of a limited range of medium

13             exertion as defined in 20 C.F.R. § 404.1567(c).

14  (AR 53-56.)  In determining this RFC, the ALJ made an adverse credibility determination.

15  (AR 54.)

16        At step four, the ALJ found that Plaintiff is able to perform his past relevant work

17  as a janitor and maintenance worker as such work does not require the performance of

18  work-related activities precluded by Claimant's RFC (20 C.F.R. § 404.1565).  (AR 56.)

19        Consequently, the ALJ found that Claimant was not disabled, within the meaning

20  of the Social Security Act.  (AR 56.)

21                                      **DISCUSSION**

22        The ALJ decision must be affirmed.  The ALJ properly discounted Plaintiff's

23  alleged subjective symptoms.

24        The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

25  determination is supported by substantial evidence and free of legal error.

26  **I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

27        Plaintiff challenges the ALJ's RFC, contending that the ALJ erred in discounting

28  Plaintiff's subjective symptom allegations.  The Court disagrees.

1

### A.    Relevant Federal Law

2    The ALJ's RFC is not a medical determination but an administrative finding or
3  legal decision reserved to the Commissioner based on consideration of all the relevant
4  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
5  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must
6  consider all relevant evidence in the record, including medical records, lay evidence, and
7  the effects of symptoms, including pain reasonably attributable to the medical condition.
8  Robbins, 446 F.3d at 883.

9    The test for deciding whether to accept a claimant's subjective symptom testimony
10  turns on whether the claimant produces medical evidence of an impairment that
11  reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell
12  v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715,
13  722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not
14  discredit a claimant's testimony on the severity of symptoms merely because they are
15  unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947
16  F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ
17  "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at
18  345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude
19  that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278
20  F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th
21  Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the
22  ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only
23  by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at
24  1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is
25  not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722;
26  Smolen, 80 F.3d at 1284.

27

28

### B.    Analysis

Plaintiff Jose Antonio Ascencio alleges a heart attack in 2009 and says he experiences pain in the left anterior chest and chest fatigue, headaches and dizziness. (AR 54.)  He reports mild to moderate and intermittent pain in the shoulder and back. (AR 54.)  He further alleges numbness in the arm and leg, shortness of breath and decreased visual acuity in the left eye because of diabetes.  (AR 54.)  He also states he has difficulty bending and walking.  (AR 54.)  The ALJ determined that Plaintiff has the medically determinable impairments of coronary artery disease (CAD), hypertension, hyperlipidemia, osteoarthritis of the shoulders and back, diabetes mellitus and obesity. (AR 51.)

Nonetheless, the ALJ assessed Plaintiff with a limited range of medium work RFC. (AR 53.)  In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms related to his diabetes, cardiac condition and osteoarthritis in the back and shoulders. (AR 54.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC.  (AR 54.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that the objective medical evidence did not support the alleged severity of Claimant's symptoms or establish disabling impairments and limitations.  (AR 54-55.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Although Plaintiff alleges he suffered a heart attack in El Salvador in 2009, medical records from the hospital in El Salvador indicate he was diagnosed with unstable angina.  (AR 51, 54, 222-223.)  USC healthcare providers subsequently made

a similar diagnosis and also diagnosed coronary artery disease (CAD).  (AR 51, 54.)
The ALJ observed that unstable angina is a similar but less serious cardiac condition
than a heart attack.  (AR 54.)  Plaintiff did not seek follow-up treatment for this or any
other condition for many months until he sought treatment again for his unstable angina
in December 2010.  He denied, however, any shortness of breath and at a follow-up visit
a week later he denied experiencing further chest pain.  (AR 54.)  On December 27,
2010 Dr. Azizollah Karamlou, the consulting internist, noted a history of chest pain but
found Plaintiff's heart to have regular sinus rhythm without evidence of enlargement,
heaves or thrills.  (AR 54, 190.)  Heart sounds were normal, with no murmurs or gallops.
(AR 54, 190.)  Dr. Karamlou assessed a less than full range of medium work RFC.  (AR
55, 191.)  On January 10, 2011 State agency reviewing physician Dr. Paulette Harrar
arrived at a similar assessment.  (AR 55, 193-199.)  A February 2011 EKG showed only
mild abnormalities.  (AR 54.)  The ALJ determined that the record indicates Plaintiff's
cardiac condition was not severe enough to preclude him from working.  (AR 54.)

Dr. Karamlou also diagnosed Plaintiff with osteoarthritis of the shoulders and
lumbar spine and noted Plaintiff was using ibuprofen for control of this condition.  (AR
52, 55, 188.)  The ALJ noted Dr. Karamlou found Plaintiff showed a full range of motion
in the shoulders and upper and lower extremities, including a full range of motion of the
hips.  (AR 53, 55, 190-191.)  Dr. Karamlou also found normal motor functions and a
normal gait without the need for any assistive device.  (AR 55, 190-191.)   Thus,
Dr. Karamlou found Plaintiff is capable of medium exertion with limitations of six hours of
walking, standing or sitting in an eight hour day and moderate limitations in bending,
kneeling and pushing.  (AR 55, 191.)  Dr. Harrar concurred in Dr. Karamlou's RFC
except she opined Claimant is capable of frequent postural activities.  (AR 55, 193-199.)

Plaintiff has diabetes mellitus.  (AR 51, 52.)  Dr. Karamlou noted that Plaintiff's
diabetes is non-insulin dependent and Plaintiff takes only oral medications such as
Metformin.  (AR 55, 188, 191.)  Dr. Karamlou also found Plaintiff's visual acuity within
normal limits.  (AR 55, 189.)  Claimant also denied experiencing many diabetic-related

1  symptoms, such as polyuria, polydipsia, or nocturna.  (AR 55.)  There was no evidence

2  to support the Claimant's allegations of diabetic-related symptoms, such as fatigue,

3  dizziness, or blurred vision.  (AR 55.)

4       The ALJ's second reason for discounting Plaintiff's subjective symptom allegations

5  is that he has received only conservative treatment for his medical impairments.  (AR

6  55.)  An ALJ may consider conservative treatment in evaluating credibility.  Burch, 400

7  F.3d at 681; Parra, 481 F.3d at 750-751.  Here, health care providers treated Plaintiff's

8  osteoarthritis conservatively with ibuprofen.  (AR 55.)  Impairments that can be

9  controlled effectively with medication are not disabling.  Warre v. Comm'r, 439 F.3d

10  1001, 1006 (9th Cir. 2006).  The ALJ also found that healthcare providers treated

11  Plaintiff's diabetes with oral medication, not insulin, and other conservative methods

12  such as a low fat and low salt diet, exercise and abstinence from smoking.  (AR 55.)

13  Thus, the ALJ found that the Claimant's diabetes and musculosketal conditions are not

14  as severe as alleged.  (AR 55.)

15       Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling

16  impairments.  (AR 56.)  The ALJ found that Claimant admitted he was capable of a

17  variety of activities, including grocery shopping, laundry, vacuuming, cleaning the

18  bathroom, picking up leaves and driving a car.  (AR 56.)  Plaintiff argues that these

19  activities do not necessarily prove that Plaintiff can work but they do suggest Claimant

20  has greater functional abilities than alleged.  See Valentine v. Comm'r, 574 F.3d 685,

21  694 (9th Cir. 2009) (inconsistent daily activities may not prove a claimant can work but

22  do suggest that the alleged severity of his or her limitations was exaggerated).

23       Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's

24  credibility but the ALJ is responsible for resolving conflicts in the medical evidence and

25  ambiguities in the record.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

26  Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not

27  be second-guessed.  Rollins, 261 F.3d at 857.

28

1    The ALJ discounted the credibility of Plaintiff's subjective symptom allegations for
2  clear and convincing reasons supported by substantial evidence.  The ALJ's RFC is
3  supported by substantial evidence.  The ALJ's nondisability determination is supported
4  by substantial evidence and free of legal error.

5                                              **ORDER**

6    IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the
7  Commissioner of Social Security and dismissing this case with prejudice.

8

9  DATED: November 4, 2014                          */s/ John E. McDermott*
10                                                  JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE